IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANGELO LOUIS DICOSTANZO, | CV-24-143-BLG-DLC |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF BILLINGS POLICE DEPT., CAPTAIN ST. JOHN, DETECTIVE SUTTON, and JOHN DOE, | |
| Defendants. | |

Plaintiff Angelo Louis DiCostanzo has filed Complaint regarding violation of his rights during a recent arrest.  (Doc. 2). The appropriate course of action is to stay this matter pending the outcome of DiCostanzo's criminal proceedings, as described below.

## I.  STATEMENT OF THE CASE

### A.     Parties

DiCostanzo is a pretrial detainee at Yellowstone County Detention Facility. He is proceeding without counsel. He names the following Defendants:  Billings Police Department, Captain St. John, Detective Sutton, and John Doe police officers. (Doc. 2 at 2 - 3.)

## B.  Allegations

DiCostanzo's allegations all relate to his arrest on May 9, 2024. His allegations are detailed and will not be repeated here, but briefly stated, he asserts claims related to a search of his phone, statements he made to police, his capacity to confess a crime, and various other issues. (Doc. 2 at 6 – 9.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

DiCostanzo is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the

claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the

factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## A. Analysis

Jurisdiction in this Court under 42 U.S.C. § 1983 provides a cause of action for a vindication of the violation of federal laws or constitutional rights by state actors. It is not a mechanism to remedy state law violations. *See Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001). Here, DiCostanzo has alleged violations of Montana state law. However, when a violation of state law is also a violation of a federal constitutional right, § 1983 does provide a cause of action. *See Lovell by & through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007). The facts alleged regarding probable

cause, the search of Plaintiff's phone, and a possible coerced confession may give rise to federal constitutional violations.

However, there is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an

important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* appear to be present. First, DiCostanzo's allegations suggest there are ongoing criminal proceedings against him.  State proceedings are criminal enforcement actions which implicate an important state interest to enforce the local and state laws.  *See Younger*, 401 U.S. at 43-44.  The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana.  This Court may not interfere with those interests when the prosecutorial process is ongoing.

DiCostanzo will have an adequate opportunity in the state district court to raise federal questions and concerns that affect his federal rights.  "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution."  *Younger*, 401 U.S. at 46.

6

DiCostanzo has opportunities under Montana law to address the alleged violations of his federal rights relative to his prosecution.

*Younger* principles apply and a stay is appropriate when a federal ruling on a § 1983 claim would necessarily "determine whether the federal plaintiff's constitutional rights were violated." *Gilbertson*, 381 F.3d at 984.  But "*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding whether DiCostanzo's constitutional rights were or are being violated would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. To rule on the constitutional issues raised by DiCostanzo in these circumstances would impermissibly risk interfering with the State of Montana's administration of its judicial system.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating DiCostanzo's claims. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that

would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). DiCostanzo has not alleged an exceptional circumstance sufficient to avoid abstention.

If abstention is appropriate under *Younger* and the federal plaintiff seeks monetary damages, as DiCostanzo does, the proper procedural remedy is to stay the federal proceedings pending the outcome of the ongoing state proceedings. If the federal plaintiff seeks only injunctive or declaratory relief, the proper procedural remedy is dismissal of the federal action. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007).

The Court concludes that abstention is proper regarding any potential Fourth Amendment claim that DiCostanzo might have. That claim will be stayed pending resolution of DiCostanzo's state court criminal proceeding.

For the foregoing reasons, the Court enters the following:

## ORDER

1.      This matter is STAYED pending the outcome of DiCostanzo's state criminal proceeding. The Clerk of Court is directed to administratively close it.

2.      DiCostanzo is directed to file a report on the status of his state court case every six months until such time as it has been resolved, including any direct appeals.  DiCostanzo is advised that if he desires to continue this matter after

disposition of the state court cases, he must request the stay be lifted and the case be reopened within thirty days of completion of the appellate process.

    3.    If DiCostanzo fails to timely comply with every provision of this Order, this action may be dismissed. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (court may dismiss an action for failure to comply with any order of the court). In that case, the Clerk of Court shall close the matter without further order of the Court.

    4.    At all times during the pendency of this action, DiCostanzo must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

    DATED this 19th day of December, 2024.


Dana L. Christensen, District Judge
United States District Court